Prob 12A(10/09)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA



F I L E D
JUL - 1 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

U.S.A. vs. Darold L. Kerns                    Docket No. 1:12MJ720

### Petition on Probation

COMES NOW Jeffrey M. Smihal, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Darold L. Kerns, who was placed on supervision by the Honorable Theresa Carroll Buchanan, Magistrate Judge sitting in the Court at Alexandria, Virginia, on the 10th day of May, 2012, who fixed the period of supervision at 2 Years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

*See Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER a** ~~warrant~~ summons **to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.**

Return date: Tuesday, July 15, 2014 at 10:00 am

### ORDER OF COURT

Considered and ordered this __1st__ day of __July__, __2015__ and ordered filed and made a part of the records in the above case.

/s/ Theresa Carroll Buchanan
~~United States Magistrate Judge~~
Theresa Carroll Buchanan
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __6/27/14__

Jeffrey M. Smihal
Senior U.S. Probation Officer
(703) 366-2103
Place Manassas, Virginia

**TO CLERK'S OFFICE**

**Petition on Probation**
**Page 2**
**RE: Kerns, Darold L.**

1. The defendant shall serve a period of ten (10) days incarceration, weekends permitted, at the direction of the probation officer.

2. Commencing May 10, 2012, and continuing for two (2) years, the defendant may operate a motor vehicle only if equipped with an Ignition Interlock Device, and then only (a) to and from work, or as employment requires (b) to and from the probation office and alcohol treatment program (c) to and from church.

3. The defendant shall enter and complete an alcohol education and/or treatment program which may include Alcoholics Anonymous at the direction of the probation officer.

4. The defendant may not consume alcohol to excess.

5. The defendant was also ordered to pay a $500 fine, a $25.00 processing, and a $10 special assessment.

**Petition on Probation**
**Page 3**
**RE: Kerns, Darold L.**

OFFENSE: Driving While Intoxicated with a BrAC of .08% or More, in violation of 36 CFR 4.23(a)(2).

SENTENCE: 2 years probation with the following special conditions: 1) 10 days incarceration; 2) restricted operator's license with interlock installed; 3) enter and complete alcohol education; 4) not consume alcohol to excess; and 5) pay $500 fine and $25 special assessment.

On March 11, 2014, following a hearing regarding a violation of probation, Your Honor ordered additional conditions of supervision: 1) home detention with electronic monitoring; 2) remote alcohol testing; 3) alcohol treatment; and 4) not operate a motor vehicle.

ADJUSTMENT TO SUPERVISION: Mr. Kerns adjustment to supervision has been unsatisfactory. On January 7, 2013, the offender appeared before Your Honor on a petition for violation of probation, after testing positive on interlock. On that date Your Honor dismissed the petition after a friend testified he was the one who was driving Mr. Kern's vehicle after having consumed alcohol. On October 7, 2013, U.S. Probation Officer Wall requested no action from Your Honor after Mr. Kerns submitted a urine screen at his treatment program which tested positive for an illegal drug. On February 17, 2014, Mr. Kerns was arrested by Alexandria Police for DUI-3rd, Refusal, Tamper, and Driving on Revoked License.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**SPECIAL CONDITION:** **DEFENDANT SHALL BE PLACED ON HOME DETENTION WITH TIMEOUTS FOR CLASS, VISITS TO PROBATION AND ALCOHOL TREATMENT.**

On March 13, 2014, Officer Wall spoke with Chambers and verified Mr. Kerns could be granted timeouts for employment. On that same date, Mr. Kerns was installed in the Location Monitoring Program. U.S. Probation Officer Kenneth G. Orsino went to Mr. Kerns home and reviewed the Location Monitoring Agreement with Mr. Kerns, which he signed. This agreement advised Mr. Kerns, that we will visit him at home or work to verify his location, that he is to remain at his residence at all times unless granted permission to leave by the probation officer, and the probation office must be able to locate him at all times when he is away from home.

On June 19, 2014, Mr. Kerns submitted a schedule via electronic mail to this officer. One of these requests was a time out on June 25, 2014, to work at 7-11 between 7:00 a.m. and 4:00 p.m. This schedule was approved on June 22, 2014. On June 25, 2014, this officer conducted an unscheduled visit to 7-11. I arrived at approximately 12:19 p.m., and walked through the store where I had a view of the entire store, including the room behind the counter and a storage room to the side of the counter. I spoke with a person who was stocking shelves, and he advised he knew Mr. Kerns, but the offender had not been scheduled to work that day. This officer checked with the monitoring company and was advised Mr. Kerns left his residence that morning at 7:16 a.m. This officer then attempted to reach Mr. Kerns by telephone five times between 12:07 p.m. and 12:17 p.m. During the first call, the phone rang several times and then went to voice mail. All additional calls went directly to voice mail.

On June 25, 2014, Mr. Kerns failed to enter his residence at his scheduled time at 4:00 p.m. At 4:15 p.m., he left a voice mail message advising that he was at Inova Alexandria, as he had an emergency come up this morning and they were releasing him. He provided no additional information at that time. On June 25, 2014,

**Petition on Probation**
**Page 4**
**RE: Kerns, Darold L.**

at 6:25 p.m., this officer spoke by telephone with the offender. He explained he woke up this morning with a bloody nose. He said he got on a bus and went to his mother's house. She then drove him to the emergency room. He said he arrived there at 11:00 a.m. He said he forgot his telephone and could not advise me of this emergency prior to the 4:15 p.m., call. When this officer asked why he had requested a timeout this day to work if he was not on the schedule, he offered that he had been told he would be covering for someone, but they must have come to work.

Additionally, Mr. Kerns submitted documentation that reflected he was seen for knee pain and nasal congestion. Mr. Kerns told this officer he woke up with a bloody nose and was concerned he was having a stroke. When asked why he did not call 911, but instead took a bus to his mother's, he could not provide an answer.

On June 25, 2014, Mr. Kerns failed to notify this officer of his whereabouts and failed to abide by his approved schedule. Based on these alleged violations, this officer believes a warrant should be issued for Mr. Kerns.


JMS/bjr